IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OAKLEY, INC.,

         Plaintiff,

                                  CASE NO: 8:06-cv-406-T24-TGW

vs.

PAYAL, INC. d/b/a
SPEEDY FOOD MART,
BIMAL K. TRIVEDI and
GINJASHANKER TRIVEDI

         Defendants.

_____/

PERMANENT INJUNCTION AND FINAL ORDER
AGAINST PAYAL, INC. d/b/a SPEEDY FOOD MART
BIMAL K. TRIVEDI and GINJASHANKER TRIVEDI

Upon consideration of the Settlement Agreement and Consent to Permanent Injunction, and this Court being fully aware of the premises, the Court makes the following findings of fact and conclusions of law:

1)     This Court has jurisdiction over the Plaintiff, OAKLEY, INC. (hereinafter "OAKLEY") and Defendants, PAYAL, INC. d/b/a SPEEDY FOOD MART, BIMAL K. TRIVEDI and GINJASHANKER TRIVEDI (hereinafter collectively referred to as "PAYAL"), and the Subject Matter of this action.

2)     PAYAL has stipulated that OAKLEY is the owner of all trademarks including the "Oakley" or "O" stylized marks and the elliptical "O" mark, identified

in the Complaint, and as shown by the registrations indexed on Exhibit "A" hereto, and hereinafter referred to as "the Trademarks." The defendants agree not to contest that the registrations are valid and subsisting and agree that the Plaintiff has rights to the marks and properties noted.

3)     PAYAL has stipulated that OAKLEY is suffering and has suffered irreparable injury as a result of PAYAL'S distribution, display, sale, advertisement, promotion, marketing, and/or offer for sale of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks, or bearing a design or image which is of a substantially similar appearance to the Trademarks. The Plaintiffs will continue to suffer irreparable harm and injury should a Permanent Injunction Order not be issued.

4)     PAYAL has stipulated and agreed to give up all right, title and interest in the Infringing Merchandise turned over as provided for by the Settlement Agreement and Consent to Permanent Injunction.

5)     PAYAL stipulates and agrees to entry of a Permanent Injunction forever enjoining it from manufacturing, selling, offering for sale, advertising, promotion, marketing and distribution, or making any commercial exploitation of any kind of merchandise, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks, or bearing a design or image which is of a substantially similar appearance to the Trademarks.

In view of the foregoing:

**IT IS ORDERED AND ADJUDGED** that a PERMANENT INJUNCTION is entered as to PAYAL, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining PAYAL, its agents, servants, employees and attorneys, and upon those

2

persons in active concert or participation with them who receive actual notice of this
Order by personal service or otherwise:

a. From manufacturing, procuring, distributing, shipping, retailing, selling, advertising or trafficking, in any merchandise, not authorized by the Plaintiff, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks, or bearing a design or image which is of a substantially similar appearance to the Trademarks

b. From passing off, inducing or enabling others to sell or pass off, as authentic products produced by the Plaintiff or otherwise authorized by the Plaintiff, any product not manufactured by the Plaintiff or produced under the control or supervision of the Plaintiff, or approved by the Plaintiff, which utilize any of the Trademarks listed on Exhibits "A" to this Order;

c. From committing any act calculated to cause purchasers to believe that the Defendants' products are those sold under the control and supervision of the Plaintiff, or are sponsored, approved or guaranteed by the Plaintiff, or are connected with and produced under the control or supervision of the Plaintiff;

d. From diluting and infringing the Plaintiff's Trademarks and damaging their goodwill;

e. From causing, aiding, and/or abetting any other person from doing any act proscribed under a. through e. above.

It is further, **ORDERED AND ADJUDGED,**

3

That this Court shall retain jurisdiction of this action for purposes of enforcing the provisions of the Settlement Agreement and Consent to Permanent Injunction, Permanent Injunction and Final Order by way of contempt or otherwise. PAYAL, INC. d/b/a SPEEDY FOOD MART, BIMAL K. TRIVEDI and GINJASHANKER TRIVEDI agrees not to contest the validity of the Trademarks in any such proceedings.

Its is further, **ORDERED AND ADJUDGED,**

That the parties waive appeal of this Permanent Injunction and Final Order.

It is further, **ORDERED AND ADJUDGED,**

That this Permanent Injunction and Final Order shall operate as a final judgment as to PAYAL, INC. d/b/a SPEEDY FOOD MART, BIMAL K. TRIVEDI and GINJASHANKER TRIVEDI.

It is further, **ORDERED AND ADJUDGED,**

That each party to this Permanent Injunction and Final Order shall bear its own attorneys' fees and costs of this action.

Dated this 2nd day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

4

# EXHIBIT "A"

## OAKLEY, INC. TRADEMARK REGISTRATIONS

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| Oakley | 1,521,599 | 01/24/89 | 9 |
| "Oakley" stylized | 1,519,596 | 01/10/89 | 9 |
| "O" stylized | 1,904,181 | 07/11/95 | 9 |
| "O and Oakley" stylized | 1,902,660 | 07/04/95 | 16 |
| "Oakley" | 1,522,692 | 01/31/89 | 25 |
| "Oakley" stylized | 1,356,297 | 08/27/85 | 9, 12, 25 |
| "O and Oakley" stylized | 1,990,262 | 07/30/96 | 9, 25 |
| "Oakley" stylized | 1,980,039 | 06/11/96 | 9, 25 |
| "O" stylized | 2,209,416 | 12/08/98 | 9, 25 |
| "O" stylized | 1,984,501 | 07/02/96 | 9, 25 |
| "O" stylized | 1,519,823 | 01/10/89 | 18 |
| "O" stylized | 2,207,455 | 12/01/98 | 18 |

## EXHIBIT "A"